**Price Law Group, APC**
5940 S. Rainbow Blvd., Suite 3014
Las Vegas Nevada, 89118
Phone: 702-794-2008
alpert@pricelawgroup.com

Steven A. Alpert, NV Bar #8353
*Attorneys for Plaintiff Nashara Washington*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| | |
|---|---|
| NASHARA WASHINGTON,<br><br>            Plaintiff,<br><br>v.<br><br><br>WESTLAKE SERVICES, LLC,<br><br>            Defendant. | **Case No.: 2:20-cv-297**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>  **1.  TCPA, 47 U.S.C. § 227,**<br><br>  **2.  FDCPA, 15 U.S.C. § 1692 et seq.,**<br><br>  **3.  Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Nashara Washington ("Plaintiff"), through her attorneys, alleges the following against Westlake Services, LLC, ("Defendant"):

## INTRODUCTION

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.     Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3.     Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.     Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq., 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331.

5.     In addition, Subject matter jurisdiction of the Court arises under 28 U.S.C. 1332 as the parties are citizens of different states and the amount of controversy exceeds $75,000.00

6.     Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.     Defendants transact business here; personal jurisdiction is established.

## PARTIES

8.     Plaintiff is a natural person residing in Clark County, Nevada.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

9.     Defendant is a financial services company engaged in the business of giving prime to subprime automotive retail installment contracts.  Defendant can be served at its principal place of business located at 4751 Wilshire Blvd, Suite 100, Los Angeles, CA 90010.

10.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     In or around 2014 Plaintiff purchased a 2010 Dodge Avenger ("Vehicle") and financed it through Honor Finance.

13.     In or around 2016 Plaintiff fell behind on her payments and the Vehicle was repossessed but Honor Finance.

14.     Upon information and belief, Defendant began servicing Plaintiff's loan on the Vehicle sometime after 2016, when the loan was in default.

15.     In or around April of 2019, Plaintiff lost her job and was unable to keep up with her financial obligations.  Plaintiff was unemployed for approximately seven (7) months.

16.     In or around September 2019 and more than two years after the Vehicle was repossessed, Defendant began placing calls to Plaintiff's cellular phone ending in 8190 in an attempt to collect an alleged debt.

17.     The calls placed by Defendant originated from the following numbers: 725-201-0274; 725-201-0254 and 725-201-0264.

18.     On or about September 22, 2019, at 4:36 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (725) 201-0264.

19.     Defendant informed Plaintiff that it was attempting to collect a debt relating to her Westlake account.

20.     Plaintiff unequivocally revoked consent to be called any further.  Plaintiff informed Defendant that she was unable to make a payment due to her recent lack of employment and requested that any further communication from Defendant be in writing only. Plaintiff also informed Defendant that she would call back when she is able to make a payment.

21.     Despite Plaintiff's request not to be contacted on her cellular phone any further, Defendant continued to call Plaintiff.

22.     Between September 22, 2019 and October 28, 2019, Defendant called Plaintiff no less than seventy (70) times.

23.     The repeated calls placed by Defendant were a constant distraction and reminder of her financial situation, resulting in increased stress and anxiety.  The calls often disrupted her sleep and started to affect her relationship with her significant other.

24.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a.  Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27.    As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of the FDCPA, 15 U.S.C. § 1692)

28.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. 15 U.S.C. 1692e(2)(a) which prohibits the misrepresentation of the amount, character or legal status of any debt;

b. 15 U.S.C. 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

c. 15 U.S.C. 1692f(1) which prohibits collections of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

d. 15 U.S.C. § 1692e(8) which prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

29.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## <u>COUNT II</u>
**Defendant's Invasion of Privacy**
**(Intrusion upon Seclusion)**

30.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

31.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32.    As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Nashara Washington, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2);

D. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1)

E. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3)

F.  Actual and punitive damages resulting from the invasion of privacy; and

G.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law; and

H.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,


**Price Law Group, APC**

Dated: February 12, 2020          By:*/s/Steven A. Alpert*
                                   Steven A. Alpert, NV Bar #8353
                                   5940 S. Rainbow Blvd., Suite 3014
                                   Las Vegas Nevada, 89118
                                   Phone: 702-794-2008
                                   alpert@pricelawgroup.com
                                   *Attorneys for Plaintiff*
                                   *Nashara Washington*